John E. Newman *v*. Louisa Sanders, et al.

[Abstract Kentucky Law Reporter, Vol. 7—294.]

**Parol Contract for Sale of Land Not Enforcible.**

While a parol contract for the sale of land is not void, it can not be enforced at the suit of the vendor, for the statute to prevent frauds declares that no action shall be brought to charge any person upon any contract not in writing for the sale of real estate.

APPEAL FROM SIMPSON CIRCUIT COURT.

October 1, 1885.

Opinion by Judge Lewis:

In 1877, J. B. Wantlin sold to J. M. Mason a lot of land and gave him a title bond which he held at his death in 1882. This action was brought by appellants, heirs at law of Mason, to whom after his death the vendor conveyed the lot, to recover possession thereof, which they say in their petition appellees, Louisa Sanders and her daughter, Florence Sanders, an infant, hold without right.

Appellees deny Mason was ever the owner or entitled to the possession of the lot in dispute. They allege that Florence, now about eighteen years of age, is his illegitimate child and was so recognized and treated by him while alive; that in consideration of forbearance of Louisa, the mother, to institute against him proceedings provided by law in case of bastardy, he agreed to maintain and educate the child and have conveyed to her a home, and also to support the mother, and in compliance with that agreement he purchased the lot in controversy expressly for Florence, promising at the time to cause it to be conveyed to her as soon as he had paid the entire purchase-price. They further say that Mason, at the time of the purchase, put appellees in possession of the lot and they have held it ever since.

Upon final hearing the chancellor dismissed appellant's petition

40

and directed a deed for the lot made by the master commissioner to appellee, Florence Sanders. The main inquiry on this appeal is whether the parol agreement set up by appellees, and which the evidence in the case establishes, can be enforced. If it can not, then the chancellor erred in dismissing appellant's petition as well as in directing a deed for the lot made to appellee, Florence, for no other relief is sought in the answer and counterclaim than an enforcement of the alleged agreement of J. M. Mason, now deceased, nor is any other defense made to the action, except the alleged superior equitable right of Florence to the property.

There is no plea of champerty relied on; nor do we think it could be an available defense to this action if it had been, for even if the conveyance to appellant after the death of the ancestor by Wantlin, the vendor, be regarded as within the inhibition of Gen. Stat., ch. 2, sec. 2, still it would not be decisive of their right to recover the lot in this action, inasmuch as they could enforce a performance by the vendor, who is a party to the contract evidenced by the title bond given to their ancestor, and at the same time recover of appellees the possession, if entitled to it upon the merits of the case.

A parol contract for the sale of real estate, while uniformly held by this court not to be absolutely void, can not be enforced at the suit of the vendor, for in express terms the statute declares that no action shall be brought to charge any person upon any contract not in writing for the sale of real estate; and no construction has ever been put upon the statute by this court which authorizes the enforcement of such a contract. There can be no question of the applicability of the statute of frauds to this case, for if appellee, Florence, can obtain the relief sought in this action at all, which is for judgment giving her the title and putting her in possession of the lot, it must be by virtue of the alleged contract of sale between her mother and Mason.

There is no claim for money in this case for which an equitable lien on the lot in question is asserted, but appellees seek an enforcement of a parol contract for its sale, and if not entitled to relief on that ground, as we think clearly they are not, they are not in this case entitled to relief on any account.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Milliken & Bush, for appellant.*
*G. W. Whitesides, C. B. Moore, for appellees.*
[Cited, *King v. Cheatham,* 31 Ky. L. 1176, 104 S. W. 751.]